IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ENRIQUE GALVAN,<br>　　　　　　　Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>　　　　　　　Respondent. | No.　3:19-CV-917-M-BT<br>　　　(3:17-CR-456-M) |

## RESPONSE TO 28 U.S.C. § 2255 MOTION

　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　ERIN NEALY COX
　　　　　　　　　　　　　　　　　　United States Attorney

　　　　　　　　　　　　　　　　　　*s/Amy J. Mitchell*
　　　　　　　　　　　　　　　　　　AMY J. MITCHELL
　　　　　　　　　　　　　　　　　　Assistant United States Attorney
　　　　　　　　　　　　　　　　　　Texas Bar No. 24029734
　　　　　　　　　　　　　　　　　　Oklahoma Bar No. 17674
　　　　　　　　　　　　　　　　　　1100 Commerce Street, Third Floor
　　　　　　　　　　　　　　　　　　Dallas, Texas 75242
　　　　　　　　　　　　　　　　　　Telephone: 214-659-8771
　　　　　　　　　　　　　　　　　　Facsimile: 214-659-8802

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................iii

RESPONSE TO 28 U.S.C. § 2255 MOTION ..................................................................... 1

    1.     BACKGROUND ................................................................................................. 1

           A.     STATEMENT OF THE CASE ............................................................. 1

           B.     STATEMENT OF THE ISSUES ......................................................... 2

           C.     STATEMENT OF FACTS ................................................................... 2

                 i.     OFFENSE CONDUCT ............................................................ 2

                 ii.     CONVICTION AND SENTENCING .................................... 3

    2.     STANDARD OF REVIEW ........................................................................... 4

    3.     ARGUMENT AND ANALYSIS .................................................................. 7

           A.     Galvan claims that his attorney was ineffective for failing to file a notice of appeal, but he fails to demonstrate prejudice because he filed - and then abandoned - his direct appeal ................................... 7

           B.     Galvan's claim that this attorney was ineffective for failing to file a motion to suppress is waived in part and otherwise meritless. .......... 9

    4.     CONCLUSION ............................................................................................. 12

CERTIFICATE OF SERVICE ................................................................................. 13

## TABLE OF AUTHORITIES

**Federal Cases**                                                                                                                    **Page(s)**

*Hill v. Lockhart*, 474 U.S. 52 (1985) .............................................................................. 10

*Lamb v. Johnson*, 179 F.3d 352 (5th Cir. 1999) ................................................................ 12

*Lockhart v. Fretwell*, 506 U.S. 364 (1993) ........................................................................ 6

*Massaro v. United States*, 538 U.S. 500 (2003) ................................................................ 5

*Miller v. Johnson*, 200 F.3d 274 (5th Cir. 2000) ............................................................... 5

*Padilla v. Kentucky*, 559 U.S. 356 (2010) ......................................................................... 6

*Roe v. Flores-Ortega*, 528 U.S. 470 (2000) ...................................................................... 8

*Smith v. Estelle*, 711 F.2d 677 (5th Cir. 1983) ................................................................... 9

*Strickland v. Washington*, 466 U.S. 668 (1984) ............................................................ 5, 6

*United States v. Bartholomew*, 974 F.2d 39 (5th Cir. 1992) .............................................. 6

*United States v. Cavitt*, 550 F.3d 430 ................................................................................ 9

*United States v. Frady*, 456 U.S. 152 (1982) .................................................................... 5

*United States v. Harger*, 354 F. App'x 151 (5th Cir. 2009) .............................................. 8

*United States v. Hughes*, 635 F.2d 449 (5th Cir. Unit B 1981) ..................................... 6, 7

*United States v. Kayode*, 777 F.3d 719 (5th Cir. 2014) ................................................... 11

*United States v. Placente*, 81 F.3d 555 (5th Cir. 1996) .................................................... 4

*United States v. Plascencia*, 537 F.3d 385 (5th Cir. 2008) ............................................... 1

*United States v. Rivas*, 450 F. App'x 420 (5th Cir. 2011) ................................................. 9

*United States v. Shaid*, 937 F.2d 228 (5th Cir. 1991) .................................................... 4, 5

*United States v. Stewart*, 207 F.3d 750 (5th Cir. 2000) .................................................... 6

*United States v. Tapp*, 491 F.3d 263 (5th Cir. 2007) ........................................................ 8

*United States v. West*, 240 F.3d 456 (5th Cir. 2001) ......................................................... 9

**Federal Cases, continued** **Page(s)**

*United States v. Youngblood*, 576 F. App'x 403 (5th Cir. 2014) ...................................... 11

**Federal Statutes and Rules**

28 U.S.C. § 2255(a) ..................................................................................................... 4

28 U.S.C. § 2255(f)(1) ................................................................................................. 1

**RESPONSE TO 28 U.S.C. § 2255 MOTION**

Galvan moves the Court to vacate, set aside, or correct his conviction and sentence pursuant to 28 U.S.C. § 2255. The government opposes his motion because he fails to prove that he received ineffective assistance of counsel.

## 1.   BACKGROUND

### A.   Statement of the Case

On October 17, 2017, Galvan pled guilty to possession with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). (CR Nos. 12-15, 20.)[1] On April 20, 2018, the Court sentenced him to 240 months' imprisonment. (CR No. 33.) Galvan filed an untimely direct appeal, which was dismissed for want of prosecution. (CR No. 40.) Because Galvan's appeal was not timely filed and then dismissed, his conviction became final 14 days after the entry of judgment, on May 11, 2018. (CR No. 35 (Judgment entered April 27, 2018).) *See United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008) (finding that by failing to file a timely notice of appeal, Plascencia allowed the direct review process to expire, and his conviction became final upon that expiration date). On April 15, 2019, Galvan filed a motion entitled "Motion to Court for Statement of Clarification," which the Court construed as a Section 2255 motion. Accordingly, Galvan's construed Section 2255 motion was timely filed. *See* 28 U.S.C. § 2255(f)(1).

---

[1] Citations to "CR No. _" refer to the docket of the underlying criminal proceeding. Documents filed in the instant Section 2255 action are cited "CV No." Other documents, such as the presentence report (PSR), will be referenced by title.

1

B.     **Statement of the Issues**

Galvan's April 15, 2019 motion alluded to two ineffective-assistance-of-counsel claim—that his attorney was constitutionally ineffective for failing to file a motion to suppress the evidence obtained through the consent search of Galvan's home and that counsel "refused" to file a direct appeal.  (*See* CV No. 2 at 1 ("Had the coersed [sic] search been challenged, Mr[.] Galvan would not be serving a 20 year sentence.  Mr. Galvan's attorney refused to file an appeal and to challenge the illegal and warrantless search of the residence.").)  Galvan has not shown that he received constitutionally ineffective assistance of counsel, and the Court should deny his motion.

C.     **Statement of Facts**

i.     **Offense Conduct**

In November 2016, a confidential source identified Galvan as a methamphetamine trafficker.  (PSR ¶ 10.)  For several months, federal agents conducted surveillance of Galvan and his associates.  (PSR ¶ 11.)  They also obtained authorization to place a tracking device on one of Galvan's cars and, later, for location data from Galvan's cellular telephones.  (PSR ¶¶ 11-12.)

On August 15, 2017, an undercover officer arranged to buy one kilogram of methamphetamine from Galvan.  (PSR ¶ 13.)  The undercover officer met with Galvan at an Autozone.  (PSR ¶ 13.)  Surveillance captured Galvan arriving in a Chevrolet Equinox.  (PSR ¶ 13.)  He parked next to the officer, opened his hood and passenger door, and retrieved a box.  (PSR ¶ 13.)  Galvan then entered the undercover officer's car and provided the officer with 1,034 grams of methamphetamine.  (PSR ¶ 13.)  He then

2

returned to his residence on Caladium Drive in Mesquite. (PSR ¶ 13.) Later in the day, agents observed Galvan, his wife, and their two children leave the Caladium Drive residence in the Chevrolet Equinox. (PSR ¶ 14.) Surveilling officers saw Galvan place a small box in the vehicle before the family left the home. (PSR ¶ 14.) Shortly thereafter, officers conducted a traffic stop on the vehicle. (PSR ¶ 14.) A search of the vehicle revealed two cellular telephones and $64,691 in currency. (PSR ¶ 14.)

Galvan provided the agents with verbal consent to search his Caladium Drive residence. (PSR ¶ 15.) They found 10 clear plastic bags containing methamphetamine, a propane tank and burner, a strainer, and plastic sports coolers—items commonly used in the conversion of liquid methamphetamine to crystal. (PSR ¶ 15.) They also found two other boxes of methamphetamine in a storage room, a handgun in a spare bedroom, and a total of six drug ledgers. (PSR ¶ 15.) The methamphetamine recovered from the residence had a gross weight of 9,896.4 grams. (PSR ¶ 15.) In a post-arrest interview, Galvan explained that he coordinated with a person in Mexico to pick up methamphetamine in the Dallas area. (PSR ¶ 16.) He also admitted to receiving liquid methamphetamine from Mexico and converting it into crystal for distribution. (PSR ¶ 16.)

      ii.    **Conviction and Sentencing**

Galvan was arrested on a criminal complaint. (CR No. 1.) A few weeks later, he pled guilty to a felony information charging him with possession with intent to distribute a controlled substance. (CR Nos. 12-15, 20.) The plea agreement limited his sentencing exposure to 20 years' imprisonment. (CR No. 15 at 2.)

3

The PSR found Galvan accountable for 10.93 kilograms of methamphetamine based on the amounts found in his home and sold to the undercover officer. (PSR ¶ 18.) The PSR noted that the amount was "considered to be extremely conservative based on the investigation" and Galvan's post-arrest statements. (PSR ¶ 18.) The resulting base offense level was 34. (PSR ¶ 24.) The PSR added a two-level enhancement for possession of a firearm, a two-level enhancement for importation, and a two-level enhancement for maintaining a drug-involved premises. (PSR ¶¶ 25-27.) After subtracting three levels for acceptance of responsibility, Galvan's total offense level was 37. (PSR ¶¶ 33-35.) His advisory guideline range, in light of his Criminal History Category of III, was 262 to 327 months, which was reduced by operation of law to the statutory maximum of 240 months. (PSR ¶ 66.) The Court sentenced Galvan to 240 months' imprisonment. (CR No. 35.)

**2.  STANDARD OF REVIEW**

Under 28 U.S.C. § 2255, a prisoner may move the convicting court to vacate, set aside, or correct his conviction or sentence. It provides four grounds: "(1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996) (citation omitted).

After a guilty plea and exhaustion of a defendant's right to appeal, the court is "entitled to presume that the defendant stands fairly and finally convicted." *United States*

*v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). "Our trial and appellate procedures are not so unreliable that we may not afford their completed operation any binding effect beyond the next in a series of endless post-conviction collateral attacks. To the contrary, a final judgment commands respect." *United States v. Frady*, 456 U.S. 152, 164-65 (1982). Consequently, issues that can be presented in a Section 2255 motion are limited. A defendant can challenge a final conviction only on issues of constitutional or jurisdictional magnitude. *See Shaid*, 937 F.2d at 232.

Claims that counsel was ineffective allege a constitutional violation that can be raised under Section 2255. *Massaro v. United States*, 538 U.S. 500, 504 (2003). To prevail on an ineffective assistance of counsel claim, the movant must show (1) that his counsel's performance fell below an objective standard of reasonableness and (2) that there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Both prongs of the *Strickland* test must be met to demonstrate ineffective assistance. *See Strickland*, 466 U.S. at 697.

The movant must first prove his counsel's performance was deficient. Simply making "conclusory allegations" is insufficient. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000). The movant must identify counsel's specific acts or omissions that were not the result of reasonable professional judgment. *Strickland*, 466 U.S. at 690. The Court's "scrutiny . . . must be highly deferential" and "requires that every effort be made to eliminate the distorting effects of hindsight[.]" *Id.* at 689. The Court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case" and

5

"evaluate [that] conduct from counsel's perspective at the time." *Id.* at 689-90.  To that end, the Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (internal quotations and citations omitted).

Second, a movant must prove that his attorney's deficient performance prejudiced his case.  *Id.*  This requires showing "counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993).  There is no prejudice if the deficient performance did not "deprive the defendant of any substantive or procedural right to which the law entitles him." *Id.*  Put another way, a movant must prove that but for counsel's errors, "there is a reasonable probability that" the result of the proceeding would have been different. *Strickland*, 466 U.S. at 693-94; *United States v. Bartholomew*, 974 F.2d 39, 41-42 (5th Cir. 1992).

"Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010).  The claim fails if the movant does not satisfy either the deficient-performance prong or the prejudice prong.  *United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000).  And a court need not address both components if there is an insufficient showing on one.  *Id.*

Procedurally, a Section 2255 motion does not automatically require a hearing. *United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. Unit B 1981); *see also* Rule 8 of the Rules Governing Section 2255 Proceedings.  "When the files and records of a case make

manifest the lack of merit of a section 2255 claim, the trial court is not required to hold an evidentiary hearing." *Hughes*, 635 F.2d at 451.

3. **ARGUMENT AND ANALYSIS**

   A. **Galvan claims that his attorney was ineffective for failing to file a notice of appeal, but he fails to demonstrate prejudice because he filed—and then abandoned—his direct appeal.**

Galvan claims that he instructed his attorney to file a notice of appeal, but one was not filed. (CV No. 20 at 61 (stating "I also told Mr. Perez after sentencing that I wanted to Appeal, yet He refused to file an Appeal Notice").) Galvan's claim is undercut by Mr. Perez's affidavit in which he states, "At no time did Mr. Galvan ask me to appeal his case or to file a notice of appeal in this case." (*See* Gov't Appendix A.) Moreover, the record shows that Galvan received a direct appeal, which was dismissed based on *his* failure to prosecute, and as a result, his ineffective-assistance claim fails because he has already received the remedy he seeks. Should the Court disagree, a hearing would be necessary to resolve this claim.

The Court entered judgment in Galvan's criminal case on April 27, 2019. (CR No. 35.) Galvan filed a pro se notice of appeal on June 18, 2018.[2] (CR No. 37.) The Fifth Circuit processed Galvan's pro se appeal following the initial case review without comment on its timeliness and instructed Galvan to retain appellate counsel, file a motion for appointment of counsel, or clearly express his intent to proceed pro se in writing.

---

[2] Galvan's filing was in the form of a letter, which the Court construed as a pro se notice of appeal. (CV No. 37.) In that letter, contrary to his statements in his Section 2255 motion, he indicates that his "trial lawyer told [him] that he was going to file a notice of appeal," not that counsel refused to file a notice. (*Id.*)

7

(Gov't Appendix B.)  The Fifth Circuit's notice included a financial affidavit for Galvan to complete.  Galvan failed to respond to the Fifth Circuit's instructions, and the Fifth Circuit dismissed his appeal for want of prosecution on August 7, 2018.  Galvan does not acknowledge or address his failure to respond to the Fifth Circuit's directives.  He failed to follow the clerk's unambiguous notice of the steps to sustain the appeal.  Because Galvan's appeal rights were preserved, and forfeited solely by his own inaction, he suffered no prejudice due to counsel's alleged failure to file the notice on his behalf.  Accordingly, his ineffective-assistance claim fails.

Should the Court disagree, an evidentiary hearing is necessary to resolve the question of deficient performance.  A lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable, even when the defendant has waived his right to a direct appeal and collateral review with an appellate-rights waiver in a plea agreement.  *See United States v. Tapp*, 491 F.3d 263, 265-66 (5th Cir. 2007).  This is so because filing a notice of appeal is a purely ministerial task, and a defendant who instructs counsel to initiate an appeal reasonably relies on counsel to file the necessary notice.  *Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000).  Where there are conflicting factual allegations regarding a notice of appeal, the Court must hold an evidentiary hearing to resolve the factual dispute.  *See United States v. Harger*, 354 F. App'x 151, 152 (5th Cir. 2009) (finding an abuse of discretion in failing to hold an evidentiary hearing on the issue of whether counsel was ineffective for failing to file a notice of appeal, where the movant alleged he instructed his attorney to file the notice, and the record did not conclusively establish

otherwise).  Should the Court determine that further consideration of this claim is needed, it should order a hearing on this issue only.  The government anticipates that Galvan will fail to meet his burden of showing that he asked counsel to file a notice of appeal.  However, if he does, his request for relief can be accomplished by reentering the original judgment to trigger the new time period for filing an appeal.  *See United States v. Rivas*, 450 F. App'x 420, 430 (5th Cir. 2011) (citing *United States v. West*, 240 F.3d 456, 459-60 (5th Cir. 2001)).

### B. Galvan's claim that his attorney was ineffective for failing to file a motion to suppress is waived in part and otherwise meritless.

Galvan contends that his attorney was constitutionally ineffective for failing to file a motion to suppress the evidence obtained from the consent search of his vehicle and house.  (CV No.  19 at 12-25.)  However, his claim is waived except to the extent he relies on it to challenge the voluntariness of his guilty plea.  Additionally, with regard to his claim that his plea was involuntary, he fails to allege, much less prove, the required prejudice, and as a result, his claim fails.

Galvan waived his claim—that his counsel was ineffective for failing to seek suppression of the evidence obtained from his vehicle and houses—when he pled guilty. "'[O]nce a guilty plea has been entered, all nonjurisdictional defects in the proceedings against a defendant are waived,' and the waiver 'includes all claims of ineffective assistance of counsel, except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea.'"  *United States v. Cavitt*, 550 F.3d 430, 441 (quoting *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983)).

To the extent Galvan argues that counsel's failure to file a suppression motion rendered his guilty plea involuntary, the Court should deny this ineffective-assistance claim because he has not alleged, much less established, the necessary prejudice. Where, as here, the movant pleads guilty, he must satisfy both prongs of *Strickland*'s test. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). "[I]n order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and insisted on going to trial." *Id.* at 59.

For example, in *Hill*, the petitioner pled guilty but later alleged that his plea was involuntary because his counsel misadvised him about his parole-eligibility date. 474 U.S. at 54-55. For relief, Hill asked the district court to reduce his sentence to conform to his original expectations. *Id.* at 55. He never alleged that, had counsel told him about the correct parole-eligibility date, he would have pled not guilty and insisted on a trial. *Id.* at 60. The Supreme Court held that Hill was entitled to no relief because he "failed to allege the kind of 'prejudice' necessary to satisfy the second half of the *Strickland v. Washington* test." *Id.* at 60.

*Hill* controls the outcome here. Like Hill, Galvan "did not allege in his habeas petition that, had counsel [moved to suppress the evidence from his house and car, he] would have pleaded not guilty and insisted on going to trial." *Id.* Galvan's arguments make clear the only "prejudice" that resulted from his counsel's failure to seek suppression, and it has nothing to do with his entry of a guilty plea. Instead, he believes that suppression would have resulted in a lower advisory-guideline range. (CV No. 19 at

10

13 (stating "[h]ad Mr. Galvan entered a plea to only the drug [quantity] purchased by the DEA, his sentence would have been substantially less than 20 years).)

Galvan's failure to even *allege* that his counsel's failure to seek suppression caused him to plead guilty means he has failed to demonstrate the required prejudice. *See, e.g.*, *United States v. Kayode*, 777 F.3d 719, 725 n.4 (5th Cir. 2014) ("Kayode's affidavit, on its face, never states that Kayode would have gone to trial had his attorney informed him of the likely immigration consequences of his guilty plea," and "[t]his glaring omission in Kayode's affidavit alone would likely justify affirmance.").

Moreover, Galvan is incorrect that suppression of the nine kilograms of methamphetamine would have altered his guideline range. Evidence that is the subject of a successful suppression motion can still be used as relevant conduct at sentencing. "[I]t is settled in this circuit that suppressed evidence may be considered generally when sentencing." *United States v. Youngblood*, 576 F. App'x 403, 409 (5th Cir. 2014). Thus, even if counsel had filed a successful suppression motion, Galvan's calculated guideline range would not have been affected.

Moreover, Galvan's counsel acted reasonably in declining to file a motion to suppress. Galvan contends that counsel was constitutionally ineffective for failing to move to suppress the evidence found in his vehicle and home by arguing that his consent to the search was invalid. (CV No. 19 at 12-19.) However, the record shows that Galvan's counsel acted reasonably, as there was no legitimate basis to challenge the search, and obtained a pre-indictment charging and plea agreement that limited Galvan's sentencing exposure to 20 years, when his calculated guideline range, based on a very

11

conservative drug quantity determination, was substantially higher. "Informed, strategic decisions of counsel are given a heavy measure of deference and will not be second guessed." *Lamb v. Johnson*, 179 F.3d 352, 358 (5th Cir. 1999).

Because Galvan fails to allege, much less demonstrate, the required prejudice, his ineffective-assistance claim fails.

## 4. CONCLUSION

The government respectfully asks the court to deny Galvan's Section 2255 motion.

Respectfully submitted,

ERIN NEALY COX
United States Attorney

*s/Amy J. Mitchell*
AMY J. MITCHELL
Assistant United States Attorney
Texas Bar No. 24029734
Oklahoma Bar No. 17674
1100 Commerce Street, Third Floor
Dallas, Texas 75242
Telephone: 214-659-8771
Facsimile: 214-659-8802

## CERTIFICATE OF SERVICE

I certify that on February 10, 2020, I filed this response with the clerk of court for the U.S. District Court, Northern District of Texas.  I also certify that a copy of this response was sent to Enrique Galvan, Register Number 35896-208, FCI Oakdale II, P.O. Box 5010, Oakdale, Louisiana 71463, by certified mail.

*s/Amy J. Mitchell*
AMY J. MITCHELL
Assistant United States Attorney
