IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ENRIQUE GALVAN, | § | |
| | § | |
| Movant, | § | |
| | § | No. 3:19-cv-00917-M-BT |
| v. | § | No. 3:17-cr-00456-M-1 |
| | § | |
| UNITED STATES of AMERICA, | § | |
| | § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Movant Enrique Galvan, a federal prisoner, filed a *pro se* motion to vacate, set-aside, or correct his sentence under 28 U.S.C. § 2255. The District Court referred the resulting civil action to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the Court should deny Galvan's § 2255 motion.

## Background

Galvan was arrested on a complaint (CR ECF No. 1) and pleaded guilty to a felony information charging him with possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(b)(1)(C) (CR ECF Nos. 12, 22).[1] The District Court sentenced him to 240 months' imprisonment. Galvan filed a *pro se* notice of appeal, but the Fifth Circuit

---

[1] For purposes of these Findings, Conclusions, and Recommendation, "CR ECF" refers to the criminal action, Case No. 3:17-cr-456-M-1, and "CV ECF" refers to the civil action, Case No. 3:19-cv-917-M-BT.

1

dismissed his appeal for want of prosecution. Thereafter, Galvan filed a *pro se* "Motion to the Court for Statement of Clarification" (CV ECF No. 2), which the District Court construed as a § 2255 motion. By his motion, Galvan argues he received ineffective assistance of counsel because his retained trial attorney (1) failed to file a motion to suppress and (2) refused to file a direct appeal after being instructed to do so.

## Legal Standards and Analysis

To prevail on his claim of ineffective assistance of counsel, Galvan must show: (1) his counsel's performance was deficient; and (2) the deficient performance prejudiced his defense so gravely as to deprive him of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* And even if Galvan proves his counsel's performance was deficient, he must still prove prejudice. To demonstrate prejudice, Galvan must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id.* "Rather, the

2

defendant must demonstrate that the prejudice rendered [the proceeding] 'fundamentally unfair or unreliable.'" *Id.* (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

1. Galvan cannot demonstrate prejudice from his trial counsel's failure to file a direct appeal, as allegedly instructed.

Galvan argues that his retained trial attorney refused to file a direct appeal after being given specific instructions to do so. Mem. 6-12 (CV ECF No. 19). The Government disputes Galvan's claim, pointing to an affidavit from Galvan's trial attorney that specifically denies Galvan asked him "to appeal his case or to file a notice of appeal." Gov't App. A (CV ECF No. 28). The Government further argues that Galvan cannot show prejudice because he received a direct appeal, which was dismissed for failure to prosecute.

The *Strickland* test applies to claims, like Galvan's, that counsel was constitutionally ineffective for failing to file a notice of appeal. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000); *see also United States v. Bejarano*, 751 F.3d 280, 285 (5th Cir. 2014) (per curiam) (quoting *Flores-Ortega*, 528 U.S. at 477). Indeed, under Supreme Court precedent, "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a professionally unreasonable manner." *Flores-Ortega*, 528 U.S. at 477 (citing *Rodriquez v. United States*, 395 U.S. 327 (1969)). And in such a case, "prejudice will be presumed." *United States v. Tapp*, 491 F.3d 263, 266 (5th Cir. 2007). "[W]hen counsel's constitutionally deficient performance

3

deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." *Flores*-Ortega, 528 U.S. at 484.

In this case, there is a dispute as to whether Galvan specifically instructed his retained trial attorney to file a direct appeal. *Compare* Mov. App. 61 (CV ECF No. 20) ("I also told Mr. Perez after sentencing that I wanted to Appeal, yet He refused to file an Appeal Notice") *and* Gov't App. A ("At no time did Mr. Galvan ask me to appeal his case or to file a notice of appeal in this case.") In the context of a § 2255 motion where there are conflicting factual allegations regarding a notice of appeal, the Court must hold an evidentiary hearing to resolve the factual dispute "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also United States v. Harger,* 354 F. App'x 151, 152 (5th Cir. 2009) (per curiam) (concluding there was an abuse of discretion where the trial court failed to hold an evidentiary hearing on the issue of whether counsel was ineffective for failing to file a notice of appeal where the movant alleged he instructed his attorney to file a notice and the record did not conclusively demonstrate otherwise); *United States v. Bartholomew,* 974 F.2d 39, 41 (5th Cir. 1992) (A district court may deny a § 2255 motion without first holding a hearing only if the evidence conclusively shows that the prisoner is not entitled to relief.) Here, the record conclusively shows that Galvan was not deprived of

4

an appeal and is not entitled to relief. Therefore, no hearing is necessary. *See United States v. Webster*, 392 F.3d 787, 802 (5th Cir. 2004) (A "federal habeas court must allow . . . an evidentiary hearing only where a factual dispute, if resolved in the petitioner's favor, would entitle him to relief."). Further, under the facts of this case, there is no basis to apply the presumption of prejudice.

The District Court entered judgment in Galvan's criminal case on April 30, 2018. (CR ECF No. 35.) On June 18, 2018, the Court received a *pro se* letter (CR ECF No. 37) in which Galvan stated "my trial lawyer told me that he was going to file a NOTICE OF APPEAL my case on my behalf" and "[t]he day I left the county jail . . . I dropped on the mail box a NOTICE OF APPEAL." (CR ECF No. 37). He inquired as to whether his appeal had been assigned a docket number and asked the Court to appoint "a new lawyer for my Appeal." *Id.* The Court construed Galvan's letter as a *pro se* Notice of Appeal and Motion for the Appointment of Counsel. *Id.*

The Fifth Circuit also treated Galvan's letter as a *pro se* Notice of Appeal, docketing the letter as such and assigning Case No. 18-10745 to the matter. Gov't App. B (ECF No. 28). On June 27, 2018, the Fifth Circuit sent Galvan a letter observing "[y]ou have filed your notice of appeal as pro se" and instructing him:

> Before your appeal can proceed you must take one of the following actions: (1) retain an appellate attorney; (2) file a motion for appointment of counsel, and complete and return

5

>the enclosed CJA 23 financial affidavit with your motion; or (3) clearly and unequivocally express your intent to proceed pro se in writing.

*Id.* The Fifth Circuit granted Galvan 30 days to advise them how he wished to proceed on appeal and warned him that "[f]ailure to comply . . . will result in the dismissal of your appeal for failure to prosecute." *Id.* (citing 5th Cir. R. 42.3.1.2). Despite this clear warning, Galvan failed to respond to the Fifth Circuit.[2] Accordingly, on August 7, 2018, the Fifth Circuit dismissed Galvan's appeal for want of prosecution. Order (CR ECF No. 40) ("Under 5th Cir. R. 42.3, the appeal is dismissed as of August 7, 2018, for want of prosecution. The appellant failed to timely comply with court's notice of June 27, 2018.").

Under these facts, Galvan cannot demonstrate his trial counsel's alleged ineffectiveness deprived him of an appeal he otherwise would have taken. To the contrary, the record conclusively shows Galvan received a direct appeal upon the filing of his *pro se* notice of appeal and the Fifth Circuit only dismissed the appeal when Galvan failed to prosecute it. Galvan's claim based on his trial counsel's alleged failure to file a direct

---

[2] Galvan also ignored similar instructions from the District Court, which denied without prejudice his *pro se* motion for appointment of counsel on appeal because the docket showed he was still represented by retained counsel. Order (CR ECF No. 39). The Court advised Galvan that if he wanted to be represented by appointed counsel his retained counsel must move for and obtain leave to withdraw, and he must file a financial affidavit. *Id.* Galvan took no action with respect to the Court's order.

appeal lacks merit. *Hignight v. United States*, 2019 WL 691796, at *3 (E.D. Tex. Jan. 22, 2019), *rec. accepted*, 2019 WL 688664 (E.D. Tex. Feb. 15, 2019) (denying § 2255 motion on grounds of ineffective assistance of counsel "since [movant] subsequently timely filed his own *pro se* notice of appeal, he cannot show prejudice by his attorney's failure to file a notice of appeal); *see also Tarabein v. United States*, 2021 WL 5167294, at *8 (S.D. Ala. Nov. 5, 2021) (holding that counsel's failure to timely file a notice of appeal did not deprive § 2255 petitioner of an appeal where petitioner filed a *pro se* notice of appeal and the appellate court considered the appeal on the merits).

  2. <u>Galvan's trial attorney did not provide ineffective assistance by failing to file a motion to suppress</u>.

Galvan also argues that his trial attorney provided ineffective assistance of counsel when he failed to file a motion to suppress evidence obtained during a consent search of his family vehicle and residence. Mem. 12-15 ([CV ECF No. 19](#)). He contends the warrantless search was illegal and argues that "[h]ad the coersed [sic] search been challenged, Mr[.] Galvan would not be serving a 20 year sentence." Mot. 1 ([CV ECF No. 2](#)). The Government responds that Galvan waived this claim for ineffective assistance of counsel when he pled guilty.

On August 15, 2017, Galvan sold an undercover officer one kilogram of methamphetamine. He drove to the buy location in a Chevrolet Equinox

and returned to a house in Mesquite. Later the same day, Galvan, his wife, and two children left the house in the Equinox after surveilling officers observed Galvan place a small box in the vehicle. Shortly thereafter, officers conducted a traffic stop. When the officers searched the Equinox, the found two cell phones and almost $65,000 in currency. Galvan also gave law enforcement officers verbal consent to search his house in Mesquite. During the search, officers found 10 clear plastic bags containing methamphetamine, two other boxes of methamphetamine, items commonly used in the conversion of liquid methamphetamine—such as a propane tank and burner, a strainer, and plastic sports coolers, a firearm, and six drug ledgers. Galvan admitted that he possessed the methamphetamine with the intent to distribute it. And in a post-arrest interview, he explained that he coordinated with a person in Mexico to pick up the methamphetamine in the Dallas area. Galvan also explained that he received liquid methamphetamine from Mexico and converted it into crystal methamphetamine for distribution. Galvan pleaded guilty to an information charging him with possession with intent to distribute a controlled substance. His plea agreement limited his sentencing exposure to 20 years' imprisonment. (CR ECF No. 15). The Court accepted his plea agreement and sentenced him to 240 months' imprisonment. (CR ECF No. 35.)

     A guilty plea that is knowingly and voluntarily made generally waives all non-jurisdictional claims relating to events preceding the guilty plea. *See*

8

*United States v. Cothran*, 302 F.3d 279, 285-86 (5th Cir. 2002) (stating a guilty plea "waives claims of governmental misconduct during the investigation and improper motives for prosecution"); *United States v. Bentle*, 533 F. App'x 462, 463 (5th Cir. 2013) (per curiam) (stating a guilty plea waives a challenge to the voluntariness of a defendant's confession). Additionally, this waiver includes all claims of ineffective assistance of counsel, except those relating to the defendant's entry of a guilty plea. *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983); *see also United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000) (noting that a voluntary guilty plea waives includes all claims of ineffective assistance of counsel unless the ineffective assistance is alleged to have rendered the guilty plea involuntary); *Pena v. United States*, 2021 WL 2920616, at *3 (N.D. Tex. July 12, 2021) (same).

To the extent Galvan argues his guilty plea was involuntary, his claim must fail because he has not demonstrated prejudice. Mem. 19-22 (CV ECF No. 19). When a movant pleads guilty, such as in this case, he must satisfy both prongs of the *Strickland* test. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see also United States v. Cavitt*, 550 F.3d 430, 441 (5th Cir. 2008). "To prove prejudice for an ineffective assistance of counsel claim in the context of a guilty plea, the habeas petitioner must show that 'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Bond v. Dretke*, 384 F.3d 166, 167-68 (5th Cir. 2004) (quoting *Hill*, 474 U.S. at 59).

9

Galvan fails to demonstrate that if his attorney had moved to suppress the evidence obtained during the search of his vehicle and residence, he would have pleaded not guilty and insisted on going to trial. Rather Galvan merely claims that if his trial attorney had filed a motion to suppress, he would not be serving a 240-month sentence. Mot. 1 (CV ECF No. 2). Similarly, he argues that "[h]ad Mr. Galvan entered a plea to the only drug [quantity] purchased by the DEA, his sentence would have been substantially less than 20 years." Mem. 13 (CV ECF No. 19). However, his allegations of prejudice are unrelated to the entry of his guilty plea. Galvan fails to demonstrate prejudice caused by his attorney's failure to move to suppress the evidence obtained from his vehicle and residence, which renders his ineffective assistance of counsel claim legally insufficient. In sum, Galvan has failed to demonstrate prejudice for his attorney's alleged failure to file a motion to suppress.

Moreover, Galvan appears to argue that the suppression of the methamphetamine discovered during the search of his residence would have impacted his guideline range. However, this argument is inconsistent with Fifth Circuit precedent. *See United States v. Youngblood,* 576 F. App'x 403, 409 (5th Cir. 2014) ("[I]t is settled in this circuit that suppressed evidence may be considered generally when sentencing."); *see also United States v. Montoya–Ortiz,* 7 F.3d 1171, 1181 (5th Cir. 1993) ("[E]vidence suppressed at trial for violation of the Fourth Amendment may later be considered in

10

determining a defendant's base offense level under the Guidelines."). Therefore, even if his trial attorney had filed a motion to suppress, and it had been granted, Galvan's guideline range would not have been favorably impacted.

Last, even if Galvan had shown prejudice, he has not demonstrated that his trial attorney provided deficient performance by failing to file a motion to suppress. Galvan argues that a motion to suppress was necessary and appropriate because the verbal consent he gave was invalid. Mem. 12-19 (CV ECF No. 19). However, Galvan's argument is not persuasive. The record reflects that there was no legitimate legal basis upon which to file a meritorious motion to suppress. Also, his trial attorney was able to secure a pre-indictment information and plea agreement with the Government, which limited Galvan's sentencing exposure to 20 years' imprisonment. This was an advantageous agreement for Galvan because his guideline range was 262 to 327 months' imprisonment. PSR ¶ 66; *see Premo v. Moore,* 562 U.S. 115, 122 (2011) ("It is 'all too tempting' to 'second-guess counsel's assistance after conviction or adverse sentence.'") (quoting *Strickland,* 466 U.S. at 689); *see also Bell v. Cone,* 535 U.S. 685, 702 (2002); *Lockhart*, 506 U.S. at 372.

In sum, Galvan has failed to demonstrate both prejudice and deficient performance. Therefore, his second claim fails under both prongs of the *Strickland* standard.

11

## Recommendation

The District Court should DENY Galvan's motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255.

Signed March 31, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).