Enrique Galvan
Reg. No. 35896-208
FCI Oakdale II
PO Box 5010
Oakdale, LA 71463



# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| ENRIQUE GALVAN,<br><br>　　　　Plaintiff(s),<br><br>vs.<br><br>UNITED STATES OF AMERICA<br><br>　　　　Defendant(s). | Case Number: **3-17-CR-456-M**<br>No. 3:19-cv-00917-M-BT<br><br>**OBJECTION TO FINDINGS,<br>CONCLUSIONS, AND<br>RECOMMENDATION OF THE UNITED<br>STATES MAGISTRATE JUDGE** |

COMES NOW, the Petitioner, Enrique Galvan, and respectfully submits these objections to Findings, Conclusions, and Recommendation of the United States Magistrate Judge.

**Petitioner Galvan's written objections are being filed within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).**

Petitioner Galvan submits that his Objections are timely as they are being filed within 14 days after being served with a copy of the Findings, Conclusions, and Recommendation of the United States Magistrate.

## OBJECTIONS

1. **Petitioner Galvan objects to the Magistrates Finding, Conclusion and Recommendation that Galvan cannot demonstrate prejudice from his trial counsel's failure to file a direct appeal, as allegedly instructed.**

**GALVAN'S OBJECTIONS TO MAGISTRATES' FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

In its findings, the Magistrate found that, "there is a dispute as to whether Galvan specifically instructed his retained trial attorney to file a direct appeal." Factual disputes warrant a hearing because the dispute cannot be resolved by the record and files in this case.

In the context of a § 2255 motion where there are conflicting factual allegations regarding a notice of appeal, the Court must hold an evidentiary hearing to resolve the factual dispute "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); see also United States v. Harger, 354 F. App'x 151, 152 (5th Cir. 2009) (per curiam) (concluding there was an abuse of discretion where the trial court failed to hold an evidentiary hearing on the issue of whether counsel was ineffective for failing to file a notice of appeal where the movant alleged he instructed his attorney to file a notice and the record did not conclusively demonstrate otherwise)

Petitioner submits that a district court may deny a § 2255 motion without first holding a hearing only if the evidence conclusively shows that the prisoner is not entitled to relief. United States v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992). Here, the record does not conclusively shows that Galvan was not deprived of an appeal and does not show that Galvan is not entitled to relief. Therefore, a hearing was necessary.

In denying, the Magistrate does not refer to the record or any specific evidence in the record that was used to support the Magistrates findings, conclusions, and recommendations.

Prejudice is presumed. The illogical sequence in Galvan's Notice of Appeal and appeal process supports the presumption of prejudice.

Counsel's ineffectiveness and abandonment of Petitioner Galvan during the appellate process deprived Petitioner Galvan of a direct appeal.

For this reason, this honorable Court should Grant an evidentiary Hearing.

**GALVAN'S OBJECTIONS TO MAGISTRATES' FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

**2. Petitioner Galvan objects to the Magistrates Finding, Conclusion and Recommendation that Galvan's trial attorney did not provide ineffective assistance by failing to file a motion to suppress.**

To prevail on his claim of ineffective assistance of counsel, Galvan must show: (1) his counsel's performance was deficient; and (2) the deficient performance prejudiced his defense so gravely as to deprive him of a fair trial. Strickland v. Washington, 466 U.S. 668, 687 (1984).

Petitioner Galvan submits that his attorney should have automatically prepared and filed a motion to suppress. Counsel on his own waived Petitioner Galvan's constitutional right and procedural right to effective assistance and a fair trial. The record does not show that Petitioner Galvan was aware or that Counsel consulted with Petitioner Galvan in waiving these rights. Nor, does the record show that Petitioner Galvan was apprised of the facts surrounding any possibility of filing a Motion to suppress or Petitioner's Galvan's awareness that a motion to suppress was not going to be filed. The record does not show any of these crucial facts.

"[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." Id. "Rather, the Case 3:19-cv-00917-M-BT Document 38 Filed 03/31/22 Page 2 of 12 Page ID 478 3 defendant must demonstrate that the prejudice rendered [the proceeding] 'fundamentally unfair or unreliable.'" Id. (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)).

Counsel does not state why he did not file a motion to suppress, Counsel does not explain his reasoning behind his decision not to file a motion to suppress or that he investigated the facts surrounding a possible motion to suppress. Nothing is shown in the record as to why a motion to suppress was not filed, or Petitioner Galvan's consent and awareness to Counsel not file a motion

**GALVAN'S OBJECTIONS TO MAGISTRATES' FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

to suppress. The record is replete with factual disputes that can only be resolved via an evidentiary hearing.

## CONCLUSION

WHEREFORE, Petitioner Galvan prays this honorable Court Grant Petitioner the relief he seeks.

April 15th, 2022.

Sign Name: _____
Enrique Galvan
Reg. No. 35896-208
FCI Oakdale II
PO Box 5010
Oakdale, LA 71463

**GALVAN'S OBJECTIONS TO MAGISTRATES' FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

## CERTIFICATE OF SERVICE

I, Enrique Galvan, hereby certify that on April 15, 2022, I have served a true and correct copy of:

[which is considered filed/served at the moment it was delivered to prison authorities for mailing as provided for in Houston v. Lack, 487 U.S. 266, 101

complete copy of the above-described materials in a sealed envelope affixed with the appropriate pre-paid first-class United States postage:

United States District Court
Northern District of Texas
1100 Commerce Street, Room 1452
Dallas, Texas 75242

and deposited same with prison officials here at:

FCI Oakdale II
PO Box 5010
Oakdale, LA 71463

Pursuant to Title 28 U.S.C. Section 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated and executed this 15th day of April 2022.

_____
Enrique Galvan
Reg. No. 35896-208
FCI Oakdale II
PO Box 5010
Oakdale, LA 71463

**GALVAN'S OBJECTIONS TO MAGISTRATES' FINDINGS, CONCLUSIONS, AND RECOMMENDATION**



MCALLEN TX 785
18 APR 2022 PM 1 T

United States District Court
Northern District of Texas
1100 Commerce Street, Room 1452
Dallas, Texas 75242

7E24231310

APR 22 2022

Enrique Galvan
Reg. No. 35896-208
FCI Oakdale II
P.O. Box 5010
Oakdale, LA 71463