Enrique Galvan
Reg. No. 35896-208
FCI Oakdale II
PO Box 5010
Oakdale, LA 71463



# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| ENRIQUE GALVAN, | Case Number: **3-17-CR-456-M** |
| Plaintiff(s), | No. 3:19-cv-00917-M-BT |
| vs. | **PETITIONER GALVAN'S NOTICE OF APPEAL AND CERTIFICATE OF APPEALABILITY PURSUANT TO 28 U.S. Code § 2253** |
| UNITED STATES OF AMERICA | |
| Defendant(s). | |

COMES NOW, the Petitioner, Enrique Galvan, and respectfully submits his Notice of Appeal and Certificate of Appealability.

### Background

Galvan was arrested on a complaint (CR ECF No. 1) and pleaded guilty to a felony information charging him with possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(b)(1)(C) (CR ECF Nos. 12, 22).1 The District Court sentenced him to 240 months' imprisonment. Galvan filed a pro se notice of appeal, but the Fifth Circuit dismissed his appeal for want of prosecution. Thereafter, Galvan filed a pro se "Motion to the Court for Statement of Clarification" (CV ECF No. 2), which the District Court construed as a § 2255 motion. By his motion, Galvan argues he received ineffective assistance of counsel because his retained trial attorney (1) failed to file a motion to suppress and (2) refused to file a direct appeal after being instructed to do so.

**PETITIONER GALVAN'S NOTICE OF APPEAL AND CERTIFICATE OF APPEALABILITY PURSUANT TO 28 U.S. Code § 2253**

1. Petitioner presents that the District Court's decision of March 31, 2022, and 26th day of April 2022 should be granted a Certificate of Appealability to allow the Ninth Circuit of Appeals to review numerous issues that were not resolved in the Title 28 U.S.C. Section 2255 as presented herein.

2. Furthermore, the granting of the Certificate of Appealability will allow the Appellate Court to review in detail the issues that were not contested as a result of the declarations presented by Petitioner.

3. Also, the issues to be raised in the Certificate of Appealability not only address the constitutional violations not addressed by the Court in the original Title 28 U.S.C. Section 2255 but also the procedural violations not addressed by the Court in the same pleading.

### I.  Standard of Review for Granting a Certificate of Appealability

Before a Petitioner can appeal the denial of his 2255 Petition, he must first show a violation of a substantial right. Specifically, Title 28 U.S.C. Section 225(c)(1) reads:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> \*\*\*\*\*
>
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
> (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph;
> (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

Id. 28 U.S. Code § 2253

PETITIONER GALVAN'S NOTICE OF APPEAL AND CERTIFICATE OF APPEALABILITY PURSUANT TO 28 U.S. Code § 2253

Section 2253(c)(3) most likely means that the circuit court may consider only those claims indicated in the Certificate of Appealability. See, e.g., Sylvester v. Hanles, 140 F.3d 713, 716 (7th Cir. 1998)(appellate review limited to issues specified in certificate of appealability);Carter v. Hopkins, 151 F.3d 872, 874 (8th Cir. 1998)(same); Ross v. Ward, 165 F.3d 793, 797 (10th Cir. 1999)(appellate review limited to issues specified in certificate of appealability absent substantial showing of denial of constitutional right); Murray v. United States, 145 F.3d 1249, 1250 (11th Cir. 1998)(per curiam)(appellate review limited to issues specified in certificate of appealability). See, e.g. United States v. Sanders, 157 F.3d 302, 304 (5th Cir. 1998)(district court's findings of fact are reviewed for clear error); Gray-Bey v. United States, 156 F.3d 733, 737 (7th Cir. 1998)(same); United States v. Mett, 65 F.3d 1531, 1534 (9th Cir. 1995)(same). A finding that the district court's factual findings are clearly erroneous is not common. But see, e.g. United States v. Allison, 767 F.2d 1353, 1357 (9th Cir. 1985)(magistrate judge's findings that no factual dispute clearly erroneous when manifest contradictions existed between statements at plea hearing and written embodiment: remanded for evidentiary hearing).

Title 28 U.S.C.A. Section 2255(b) provides in pertinent part:

> **(b)** Unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

Title 28 U.S.C. Section 2255, Rule 4 states in pertinent part:

> Rule 4. Preliminary Review:
>
> (a) Referral to a Judge. The clerk must promptly forward the motion to the judge who conducted the trial and imposed sentence or, if the judge who imposed sentence was not the trial judge, to the judge who conducted the proceedings being challenged. If the appropriate judge is not available, the clerk must forward the motion to a judge under the court's assignment procedure.

**PETITIONER GALVAN'S NOTICE OF APPEAL AND CERTIFICATE OF APPEALABILITY PURSUANT TO 28 U.S. Code § 2253**

(b) Initial Consideration by the Judge. The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceeding that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

## ARGUMENT

**A CERTIFICATE OF APPEALABILITY SHOULD BE GRANTED TO ALLOW THIS COURT TO DETERMINE WHETHER THE DISTRICT COURT ERRED IN NOT GRANTING AN EVIDENTIEARY HEARING OR AT A MINIMUM ADDRESSING ALL OF THE CLAIMS RAISED IN THE 2255 PETITION OR RESPOND TO ALL CLAIMS PRIOR TO MAKING A DETERMINATION IN PETITIONER'S CASE**

In Miller-El v. Cockrell, 537 U.S. 322, 123 S.Ct. 1029, 154 L.Ed. 2d 931 (2003), which set standards for issuance of a COA, reads, in pertinent part, as follows:

> The COA determination under 2253(c) requires an overview of the claims in the habeas corpus petition and the general assessment of their merits. Wee look to the district court's application of the AEDPA to petitioner's constitutional claims and ask whether that resolution was debatable amongst jurists of reason. This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims. In fact, the statute forbids it. When a court of appeals side steps this process by first deciding the merits of an appeal, and then justifying its denial of a COA based on its adjudication of the actual merits, it is in essence deciding a n appeal without jurisdiction.

To that end, the Supreme Court's decision in Slack v. McDaniels,[1] 529 U.S. 473, 120 S. Ct. 1595, 146 L.Ed.2d 542 (2000) held that a COA does not require a showing that the appeal will succeed.

---

[1] Slack vs. McDaniel, 529 U.S. 473, 120 S.Ct. 1595, 146 L. Ed. 2d 542 (2000) defines the standard as follows:

> We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching a prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim o the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Id. At 529 U.S. at 482, 120 S. Ct. at 603.

**PETITIONER GALVAN'S NOTICE OF APPEAL AND CERTIFICATE OF APPEALABILITY PURSUANT TO 28 U.S. Code § 2253**

Accordingly, a court of appeals should not decline the application for a COA merely because it believes the applicant will not demonstrate an entitlement to relief. The holding in Slack would mean very little if appellate review were denied because the prisoner did not convince a judge, or, for that matter, three judges, that he or she would prevail. It is consistent with 2253 that a COA will issue in some instances where there is no certainty of ultimate relief. After all, when a COA is sought, the whole premise is that the prisoner "has already failed in that endeavor." Barefoot, supra at 893, n. 4.

    i.    **In the instant matter, Galvan cannot demonstrate prejudice from his trial counsel's failure to file a direct appeal, as allegedly instructed.**

In the context of a § 2255 motion where there are conflicting factual allegations regarding a notice of appeal, the Court must hold an evidentiary hearing to resolve the factual dispute "[u]nless the motion and the files and records of the case conclusion)

    ii.    **Galvan's trial attorney did not provide effective assistance by failing to file a motion to suppress.**

The Court held that Galvan failed to demonstrate that if his attorney had moved to suppress the evidence obtained during the search of his vehicle and residence, he would have pleaded not guilty and insisted on going to trial. Rather Galvan merely claims that if his trial attorney had filed a motion to suppress, he would not be serving a 240-month sentence. Here, the Court was presented with factual dispute that could not have been resolved by the record.

Petitioner Galvan submits that when the record before the District Court does not "conclusively show" that Petitioner is not entitled to relief, the District Court is required to hold an evidentiary hearing on the matter. See, United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994)(evidentiary hearing required unless Section 2255 motion, files, and trail record "conclusively show" petitioner entitled to no relief); Virgin Islands v. Weatherwax, 20 F. 3d 572, 572 (3rd Cir. 1994)(petitioner entitled to evidentiary hearing on ineffective assistance of counsel claim where facts viewed in light most favorable to petitioner would entitle him to relief); Stoia v. United States, 22 F.3d 766, 768 (7th Cir. 1994)(same); Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994)(same); Nichols v. United States, 75 F.3d 1137, 1145-46 (8th Cir.

**PETITIONER GALVAN'S NOTICE OF APPEAL AND CERTIFICATE OF APPEALABILITY PURSUANT TO 28 U.S. Code § 2253**

1996)(petitioner entitled to evidentiary hearing on claim of ineffective assistance of counsel when record inconclusive on issue); United States v. Witherspoon, 231 F.3d 923 (7th Cir. 2000).

Furthermore, the District Court summary denial order as to several of Galvan's claims is in direct conflict with the Federal Rules of Title 28 U.S.C. Section 2255. Specifically, Rule 4(b) of the Federal Rules of Title 28 U.S.C. Section 2255 states in pertinent part:

> (c) Initial consideration by Judge. The motion, together with all of the files, and the records, transcripts, and correspondence relating to the judgement under attack, shall be examined promptly by the Judge to whom it is assigned. If it plainly appears from the fact of the motion and any annexed exhibits and the prior proceeding in the case that the movant is not entitled to relief in the District Court, the Judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the Judge shall order the United States Attorney to file an answer or other pleading within the period of time fixed by the Court or to take such other action that the Judge deems appropriate.

Id. Rule 4(a), Title 28 U.S.C. Section 2255.

As this Court is aware, Petitioner Galvan is not well versed in the English language, Petitioner was left without counsel expected to proceed during direct appeal, argue, brief and present his direct appeal to the Circuit Court. Petitioner Galvan was abandoned, throughout his 2255 habeas corpus proceedings Petitioner Galvan has been chastised and held responsible for his failure to properly and timely reply. As this Court is aware of the ongoing pandemic, at no time has the Government advanced the question as to how or why was Petitioner unable to respond to several of his pleadings in a timely manner. The language barrier, the hardships created by the COVID-19 pandemic, and government created obstructions as a result of the pandemic made it impossible for Petitioner to properly communicate with the courts. At a minimum, the honorable Court should have Granted a evidentiary hearing and appointed Counsel.

Furthermore, the Certificate of Appealability should also be allowed to review the additional issues raised in Petitioner Galvan's 2255 Petition.

**PETITIONER GALVAN'S NOTICE OF APPEAL AND CERTIFICATE OF APPEALABILITY PURSUANT TO 28 U.S. Code § 2253**

Furthermore, the granting of a Certificate of Appealability will allow a reasonable jurist to determine whether the issues should have been addressed in a different manner. Following the Supreme Court's interpretation of Slack v. McDaniel, 529 U.S. 473 (2000) determining that the issues of whether a Certificate of Appealability should be granted on an issue where "reasonable jurors could debate whether (or, for that matter agree that) the petition should have be n resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further'". Id. At 43-84, 120 S. Ct. page 1595, the granting of a Certificate of Appealability would be appropriate. Petitioner, to show probable cause for appeal, need not show that he would prevail on the merits of his Title 28 U.S.C. Section 2255 but he must only show that the issues are "debatable amongst jurists of reason, that the Court could have resolved the issues in a different manner or that the questions are adequate to deserve encouragement to proceed further. See Barefoot v. Estelle, 103 S.Ct. 3383 (1983), reh'g denied 104 S.Ct. 209 (1983). It is Petitioner's position that a reasonable jurists would debate the issues further.

Finally, assuming that Petitioner's allegations are correct, the District Court was required to hold an evidentiary hearing unless "the records conclusively show that the prisoner is entitled to no relief." Id. Title 28 U.S.C. Section 2255. In order for an evidentiary hearing to be granted, or a motion to vacate be granted, the motion must be accompanied by a detailed and specific affidavit which shows that Petitioner had actual proof of the allegations gone beyond mere unsupported assertions. Kafo v. United States, 467 F.3d 1063 (7th Cir. 2006).

Petitioner submits that in the Magistrate's findings, the Magistrate found that, "there is a dispute as to whether Galvan specifically instructed his retained trial attorney to file a direct appeal." Factual disputes warrant a hearing because the dispute cannot be resolved by the record and files in this case.

In the context of a § 2255 motion where there are conflicting factual allegations regarding a notice of appeal, the Court must hold an evidentiary hearing to resolve the factual dispute "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); see also United States v. Harger, 354 F.

**PETITIONER GALVAN'S NOTICE OF APPEAL AND CERTIFICATE OF APPEALABILITY PURSUANT TO 28 U.S. Code § 2253**

App'x 151, 152 (5th Cir. 2009) (per curiam) (concluding there was an abuse of discretion where the trial court failed to hold an evidentiary hearing on the issue of whether counsel was ineffective for failing to file a notice of appeal where the movant alleged he instructed his attorney to file a notice and the record did not conclusively demonstrate otherwise)

Petitioner submits that a district court may deny a § 2255 motion without first holding a hearing only if the evidence conclusively shows that the prisoner is not entitled to relief. United States v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992). Here, the record does not conclusively shows that Galvan was not deprived of an appeal and does not show that Galvan is not entitled to relief. Therefore, a hearing was necessary.

In denying, the Magistrate does not refer to the record or any specific evidence in the record that was used to support the Magistrates findings, conclusions, and recommendations.

Prejudice is presumed. The illogical sequence in Galvan's Notice of Appeal and appeal process supports the presumption of prejudice.

Counsel's ineffectiveness and abandonment of Petitioner Galvan during the appellate process deprived Petitioner Galvan of a direct appeal.

For this reason, this honorable Court should Grant an evidentiary Hearing.

**Petitioner Galvan objects to the Magistrates Finding, Conclusion and Recommendation that Galvan's trial attorney did not provide ineffective assistance by failing to file a motion to suppress.**

To prevail on his claim of ineffective assistance of counsel, Galvan must show: (1) his counsel's performance was deficient; and (2) the deficient performance prejudiced his defense so gravely as to deprive him of a fair trial. Strickland v. Washington, 466 U.S. 668, 687 (1984).

**PETITIONER GALVAN'S NOTICE OF APPEAL AND CERTIFICATE OF APPEALABILITY PURSUANT TO 28 U.S. Code § 2253**

Petitioner Galvan submits that his attorney should have automatically prepared and filed a motion to suppress. Counsel on his own waived Petitioner Galvan's constitutional right and procedural right to effective assistance and a fair trial. The record does not show that Petitioner Galvan was aware or that Counsel consulted with Petitioner Galvan in waiving these rights. Nor, does the record show that Petitioner Galvan was apprised of the facts surrounding any possibility of filing a Motion to suppress or Petitioner's Galvan's awareness that a motion to suppress was not going to be filed. The record does not show any of these crucial facts.

"[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." Id. "Rather, the Case 3:19-cv-00917-M-BT Document 38 Filed 03/31/22 Page 2 of 12 Page ID 478 3 defendant must demonstrate that the prejudice rendered [the proceeding] 'fundamentally unfair or unreliable.'" Id. (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)).

Counsel does not state why he did not file a motion to suppress, Counsel does not explain his reasoning behind his decision not to file a motion to suppress or that he investigated the facts surrounding a possible motion to suppress. Nothing is shown in the record as to why a motion to suppress was not filed, or Petitioner Galvan's consent and awareness to Counsel not file a motion to suppress. The record is replete with factual disputes that can only be resolved via an evidentiary hearing.

**PETITIONER GALVAN'S NOTICE OF APPEAL AND CERTIFICATE OF APPEALABILITY PURSUANT TO 28 U.S. Code § 2253**

# CONCLUSION

WHEREFORE, Petitioner Galvan prays this honorable Court Grant a Certificate of Appealability and allow Petitioner Galvan moved forward with his claims.

June 8, 2022.                                Sign Name: _____
                                             Enrique Galvan
                                             Reg. No. 35896-208
                                             FCI Oakdale II
                                             PO Box 5010
                                             Oakdale, LA 71463

PETITIONER GALVAN'S NOTICE OF APPEAL AND CERTIFICATE OF APPEALABILITY PURSUANT TO 28 U.S. Code § 2253

## CERTIFICATE OF SERVICE

I, Enrique Galvan, hereby certify that on June 9, 2022, I have served a true and correct copy of:

**PETITIONER GALVAN'S NOTICE OF APPEAL AND CERTIFICATE OF APPEALABILITY PURSUANT TO 28 U.S. Code § 2253**

[which is considered filed/served at the moment it was delivered to prison authorities for mailing as provided for in Houston v. Lack, 487 U.S. 266, 101, complete copy of the above-described materials in a sealed envelope affixed with the appropriate pre-paid first-class United States postage:

United States District Court
Northern District of Texas
1100 Commerce Street, Room 1452
Dallas, Texas 75242

and deposited same with prison officials here at:

FCI Oakdale II
PO Box 5010
Oakdale, LA 71463

Pursuant to Title 28 U.S.C. Section 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated and executed this June 8, 2022..

_Enrique Galvan_
Enrique Galvan
Reg. No. 35896-208
FCI Oakdale II
PO Box 5010
Oakdale, LA 71463

**PETITIONER GALVAN'S NOTICE OF APPEAL AND CERTIFICATE OF APPEALABILITY PURSUANT TO 28 U.S. Code § 2253**



Enrique Galvan
Reg. No. 35896-208
FCI Oakdale II
PO Box 5010
Oakdale, LA 71463

United States District Court
Northern District of Texas
1100 Commerce Street, Room 1452
Dallas, Texas 75242

RECEIVED-1
JUN 14 2022